UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALPHONSO WHIPPER,<br>    *Plaintiff*,<br><br>v.<br><br>GREEN, *et al.*,<br>    *Defendants*. | )  3:23-CV-27 (SVN)<br>)<br>)<br>)<br>)<br>)<br>)  May 21, 2024 |

## ORDER ON MOTION TO QUASH AND MOTION FOR A PROTECTIVE ORDER

Sarala V. Nagala, United States District Judge.

Defendant Dan McGloin, the former director of the Wesleyan Center for Prison Education ("CPE"), and non-parties Allie Cislo and Victoria Justice have moved to quash the subpoenas Plaintiff Alphonso Whipper served on them requiring testimony at the preliminary injunction hearing set for May 23, 2024. For the reasons described below, the Court GRANTS IN PART the motion, insofar as it moves to quash the subpoena as to non-party Victoria Justice and DENIES IN PART the motion, insofar as it moves to quash the subpoenas to non-party Allie Cislo and Defendant McGloin and moves, in the alternative, for a protective order concerning their testimony.

### I.  FACTUAL BACKGROUND

The Court recounts only the facts and procedural history relevant to this motion.

Plaintiff is a sentenced inmate who is in the custody of the Connecticut Department of Correction ("DOC"). Am. Compl., ECF No. 111 ¶ 2. Plaintiff previously resided at Cheshire Correctional Institution ("CI"), where he participated in Wesleyan's CPE program between 2013 and 2022. *Id.* ¶¶ 3, 15.

Plaintiff alleges that Defendants Kenneth Green, Mercilla Roach, Melissa Santiago, Elisha Chornobry, Carlos Nunez, and Daniel Cambra, all of whom are employed by DOC (collectively, the "DOC Defendants"), and Defendant McGloin, who was formerly employed as an administrator for the CPE Program, retaliated and conspired to retaliate against him after he refused to sign a form that was allegedly required in order to continue participating in the CPE program in September of 2022. Am. Compl. ¶¶ 41–42. Plaintiff alleges that non-party Cislo, a "Wesleyan Volunteer," was "very passionate" about the issue and reported that she "would not be part of it" if DOC in fact required the inmates to sign the form. *Id.* ¶¶ 28–29. He further alleges that Defendant McGloin was aware the DOC Defendants intended to pressure students into signing the form and "agreed to remove any student who refused to sign." *Id.* ¶ 35. Ultimately, when Plaintiff refused to sign the form, the DOC Defendants removed him from the CPE program. *Id.* ¶ 43.

A few months later, in January of 2023, Plaintiff filed the instant lawsuit. *Id.* ¶ 46. In April of 2023, Plaintiff was transferred out of Cheshire CI to MacDougall-Walker CI, allegedly because of a disciplinary incident. *Id.* ¶¶ 47, 49–57. Plaintiff alleges this transfer was pretextual, and that the real reasons for the transfer were his refusal to sign the form, his filing of this lawsuit, and his petitioning of Defendant Roach through informal means about an "honor board" that Roach supported. *Id.* ¶¶ 59–60.

Along with the original complaint, Plaintiff also filed a motion for a preliminary injunction, seeking "to stop his suffering of the defendants' retaliation" and that he be reinstated to the CPE program. Mot. for Prelim. Injunct., ECF No. 6 at 1. The Court appointed Plaintiff *pro bono* counsel to represent him for purposes of a preliminary injunction hearing. Order, ECF No. 79. Shortly before a scheduled hearing on the preliminary injunction request in February of 2024, Defendants notified the Court that DOC and the CPE program had agreed to allow Plaintiff to

2

complete his remaining degree requirements remotely through the mail from MacDougall-Walker CI, without signing the form that was at issue in this litigation.  *See* Order, ECF No. 95.  As the majority of the relief Plaintiff originally sought was provided to him through this turn of events, the Court found the then-pending motion for preliminary injunction moot, but allowed Plaintiff to file an amended complaint and to renew the preliminary injunction motion, if appropriate.  *See* Order, ECF No. 106.

Plaintiff, assisted by counsel, filed an amended complaint and renewed his motion for a preliminary injunction.  *See* ECF No. 111; Renewed Mot. Prelim. Inj., ECF No. 112.  Plaintiff seeks to restore the *status quo ante*, including "all the rights and privileges he had enjoyed prior to the wrongful acts of removing" him from the CPE program and the Honor Block at Cheshire CI.  Prayer for Relief, Am. Compl. at 14; ECF No. 112-1 at 12.

The Court set a preliminary injunction hearing for May 23, 2024.  In advance of the hearing, Plaintiff submitted a witness list including Defendant McGloin and non-parties Cislo and Justice.  Pl.'s Witness List, ECF No. 132.  Plaintiff noted that, depending on the testimony presented at the hearing, he may or may not call all of these witnesses.  *Id.* at 4.

McGloin, Cislo, and Justice (collectively, the "Wesleyan witnesses") then filed the present motion to quash Plaintiff's subpoenas or, in the alternative, for a protective order to limit their testimony.  Mot., ECF No. 130.  Plaintiff opposes the motion, contending the Wesleyan witnesses' testimony is relevant and that requiring them to testify via Zoom will not be unduly burdensome.  Pl.'s Opp., ECF No. 140.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas.  "Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)."  *S.E.C. v. Sassano*, 274

3

F.R.D. 495, 497 (S.D.N.Y. 2011) (quoting *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011)).  In addition, the party or attorney serving the subpoena "must take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  To that end, a court "must quash or modify a subpoena that . . . (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).  "The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Jones v. Hirschfeld*, 219 F.R.D. 71, 74–75 (S.D.N.Y. 2003).

A court may also issue protective orders, for good cause shown, to "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).  "Rule 26(c) confers broad discretion on the [ ] court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  The burden of showing good cause for the issuance of a protective order falls on the party seeking the order.  *See Brown v. Astoria Fed. Sav. & Loan Ass'n*, 444 F. App'x 504, 505 (2d Cir. 2011) (summary order) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004)).  "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006) (cleaned up).

### III. DISCUSSION

Before addressing the merits of the motion, the Court first clarifies the extent to which testimony related to the events of September 8, 2022, are relevant to the upcoming preliminary injunction hearing, as the scope of the hearing is an issue of dispute between Plaintiff and McGloin. Plaintiff's theory of liability in his amended complaint is that Defendants engaged in multiple instances of retaliation beginning when he first refused to sign the disputed form in September of

4

2022, continuing with the filing of the instant suit in January of 2023, and through his transfer out of Cheshire CI in April of 2023. Am. Compl. ¶¶ 79–81. The preliminary injunction hearing therefore does not solely concern the alleged retaliatory transfer, as McGloin contends. To the extent the Wesleyan witnesses could provide testimony relevant to the events that led to Plaintiff's removal from the CPE program, such testimony is in fact relevant to Plaintiff's theory of liability and, by extension, to the motion for a preliminary injunction, which turns on whether Plaintiff can establish a likelihood of success on the merits of the claims in his amended complaint.

The Court proceeds to address the motion to quash the testimony of the Wesleyan witnesses. First, the Court grants the motion to quash Plaintiff's subpoena of non-party Victoria Justice. The Court finds that her testimony would be irrelevant and that testifying would be burdensome for her, in light of the irrelevance of her testimony. Justice is not mentioned in the amended complaint, and Plaintiff has not explained her involvement in the events at issue in his opposition to the motion to quash. The Court therefore cannot glean the relevance of Justice's potential testimony. Moreover, as noted below, McGloin and Cislo will be testifying, and it is not clear how Justice's testimony would be different from the testimony provided by these other two witnesses. Accordingly, because Justice is a non-party and her testimony would be irrelevant and somewhat burdensome, the Court grants the motion to quash Plaintiff's subpoena insofar as it relates to Justice's testimony.

Second, the Court denies non-party Cislo's motion to quash her subpoena. Cislo's role in the alleged conspiracy and constitutional violation is clearly delineated and actually disputed. For instance, Plaintiff alleges that he spoke to Cislo after he first lodged his objections to the disputed form, Am. Compl. ¶ 27, that Cislo "passionate[ly]" opposed the form, *id.* ¶¶ 28–29, and that Cislo ultimately kept silent and acquiesced to the alleged constitutional violation, *id.* ¶¶ 88–89. The

5

parties dispute the meaning and import of these allegations.  *Compare* Pl.'s Opp., ECF No. 124 at 2 (arguing that only Cislo vociferously opposed the disputed form) *with* Def. McGloin's Reply, ECF No. 125 at 3 (arguing that Cislo and McGloin opposed the form equally).  Further, because Defendant Santiago may not be able to testify at the hearing, Cislo may be the only witness available to testify as to her conversations with Defendant Santiago after the September 8, 2022, events.  This is relevant to understanding the scope of the Wesleyan witnesses' opposition to Plaintiff's removal from the CPE program.  Cislo may also be able to offer testimony about the opportunities that are available to Plaintiff only if he is transferred back to Cheshire CI and allowed to participate in the program in person.  Finally, because the Court has agreed to allow witnesses to testify over Zoom, and because Plaintiff expects to elicit only fifteen minutes of testimony from Cislo, the burden on her is relatively low.  For all these reasons, the Court denies the motion to quash the subpoena directed to non-party Cislo.

Third, Defendant McGloin's testimony is highly relevant to many relevant events alleged by Plaintiff, and to Plaintiff's theories that McGloin both individually retaliated against him and conspired with the DOC Defendants to remove Plaintiff from the program.  McGloin's position as to Plaintiff's termination from the program is also disputed.  McGloin contends that he at most merely acquiesced to the DOC Defendants' decision to withdraw Plaintiff from the CPE program, while Plaintiff characterizes his actions as active collusion with the DOC Defendants, rather than mere acquiescence.  Further, as McGloin is a party to this suit, the considerations of burden relevant to non-party witnesses do not apply with equal force to him.  In addition, although he has since left Wesleyan, McGloin will be permitted to testify via Zoom, minimizing the burden on him.

Finally, the Court will not issue a protective order limiting Plaintiff from only calling one of Cislo or McGloin or narrowly circumscribing the scope of their testimony. They have not shown good cause for issuing any such order. As the Court has already explained, the decision to remove Plaintiff from the CPE program remains live as an alleged retaliatory act by Defendants. Both Cislo and McGloin may have unique insight into these facts, and their differing roles in the events underlying the alleged conspiracy are relevant. However, the Court agrees that Plaintiff should avoid duplication of questions posed to McGloin and Cislo, and encourages Plaintiff to be efficient in his presentation of these witnesses.

### IV.     CONCLUSION

For these reasons, the Court GRANTS IN PART the motion to quash as to non-party Victoria Justice's testimony, and DENIES IN PART the motion, insofar as it seeks to quash the testimony of Defendant McGloin or non-party Allie Cislo and requests entry of a protective order limiting the scope of their testimony.

**SO ORDERED** at Hartford, Connecticut, this 21st day of May, 2024.

                                           /s/ Sarala V. Nagala
                                          SARALA V. NAGALA
                                          UNITED STATES DISTRICT JUDGE